# IN THE COURT OF APPEALS OF IOWA

No. 15-0984
Filed March 9, 2016

IN RE THE MARRIAGE OF BENJAMIN JOHN VOETBERG
AND COURTNEY PATRICE STEELY-VOETBERG

Upon the Petition of
BENJAMIN JOHN VOETBERG,
        Petitioner-Appellant,

And Concerning
COURTNEY PATRICE STEELY-VOETBERG,
        Respondent-Appellee.

_____

        Appeal from the Iowa District Court for Woodbury County, Duane E.

Hoffmeyer, Judge.


        A father appeals the district court's denial of his petition to modify the

physical care provisions of the dissolution decree as to the parties' minor child.

**AFFIRMED.**


        Tod J. Deck of Deck Law, L.L.P., Sioux City, for appellant.

        Nick E. Wingert and Brett P. Hall of Hall & Wingert, P.L.C., Sioux City, for

appellee.


        Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VOGEL, Presiding Judge.**

Benjamin Voetberg appeals the district court's denial of his petition to modify his and Courtney Voetberg's dissolution decree, arguing there should be a change in the physical care of the parties' minor child. Benjamin asserts the court improperly found he did not establish a material change in circumstances after the child was sexually abused by Courtney's live-in boyfriend, thereby demonstrating Courtney's inability to put the child's best interests ahead of her own. Acknowledging the tragedy of the situation, the district court found no evidence Courtney had done anything inappropriate or that Benjamin could provide superior care for the child. Because we agree with the district court Benjamin failed to meet his heavy burden of proof to justify a change in physical care, we affirm.

## I. Factual and Procedural Background

Benjamin and Courtney were married in May 2004. One child was born in January 2007, the parties separated in March 2010, and the marriage was dissolved on March 24, 2011. The parties stipulated as to all matters, including that Courtney would have physical care the child. With regard to the visitation schedule, the child spends the academic year with Courtney in Iowa and spends the entirety of the summer with Benjamin.

Benjamin is a major in the United States Air Force and is currently stationed in Syracuse, Utah. He has remarried, and his wife, Debra, works as a fourth and fifth grade school teacher in a private charter school. Debra has three children from a previous marriage, and Benjamin has adopted them. Testimony

indicated the child has bonded with Debra's children and considers them to be siblings.

Courtney began dating Samuel Nolazco, who, in August 2014, sexually abused the child. An investigation by the Iowa Department of Human Services (DHS) was conducted, and a founded child abuse report was made. Criminal charges were filed against Nolazco; however, Courtney was not deemed to have endangered the child, no charges were filed against her, and the child remained her care. Additionally, Courtney immediately scheduled counseling appointments for the child after she learned of the abuse.[1]

On September 16, 2014, Benjamin filed a petition to modify the dissolution decree, seeking physical care of the child. A hearing was held on February 12, 2015, after which the district court concluded physical care should not be modified.[2] Benjamin appeals.

**II. Standard of Review**

We review decisions regarding the modification of physical care decisions of dissolution decrees de novo. *In re Marriage of Hoffman*, 867 N.W.2d 26, 32 (Iowa 2015). We are not bound by the district court's findings of fact, but we give them weight, particularly regarding determinations of the credibility of witnesses. *In re Marriage of Hansen*, 733 N.W.2d 683, 690 (Iowa 2007).

---

[1] The DHS report stated: "Courtney has the protective capacities to provide for her [child]. Upon learning of the sexual abuse, she immediately ended the relationship with Samuel."

[2] In her answer to Benjamin's petition, Courtney requested a modification of child support. The court also made findings regarding child support, but Benjamin does not appeal that portion of the court's order.

**III. Physical Care Arrangement**

Benjamin first argues the district court improperly concluded no substantial change of circumstances occurred such that a change in the physical care arrangement should be made. He asserts the sexual abuse, as well as the child's behavioral problems that stemmed from the abuse, constitute a substantial change in circumstances, and he has proven that he would be the superior parent.[3]

The parent seeking a modification of the physical-care arrangement must establish that a substantial change in circumstances occurred and that the parent seeking modification has the ability to minister more effectively to the child's wellbeing, such that it is in the child's best interests the care of the child should be modified. *In re Marriage of Frederici*, 338 N.W.2d 156, 158 (Iowa 1983). Thus, there is a "heavy burden upon a party seeking to modify custody [which] stems from the principle that once custody of children has been fixed it should be disturbed only for the most cogent reasons." *Id.* Additionally, the change must be more or less permanent. *Id.*

The district court found:

[The child] has done well under the current custodial arrangement having contact with Benjamin, Benjamin's parents and other extended family in the area. [The child] is experiencing some difficulties in school, but [the child's] teacher stated [the child] is improving and doing well. It is extremely unfortunate that [the child]

---

[3] The district court noted: "The court would be less than candid if it did not state that Courtney's selection for boyfriends (past and present) are reason to pause and consider whether a change would be in their [child's] best interest. However, it is her parenting that is of utmost concern."

was placed in a situation, through no fault of [the child's] own, that led to the investigation, counseling and the filing of criminal charges. However, there is no evidence Courtney did anything inappropriate. Courtney, upon notice, took immediate action and cooperated completely. The DHS investigation did not result in a removal, juvenile court involvement, or any voluntary services. Courtney initiated services through school and independent providers for [the child].

The record supports the district court's reasoning and findings. The child has suffered a trauma, but has been receiving counseling and is making progress. While Courtney's choice of men in her life is not reassuring, the district court found she, as well as Benjamin, were "capable parents" and did not fault Courtney for the abuse the child suffered. It then determined that because Courtney has been the child's primary caregiver since the child was three years old, the concepts of continuity, stability and approximation favored continuing the child in Courtney's physical care. *See Hansen*, 733 N.W.2d at 695-96 (noting stability is favored when determining primary care arrangements).

We agree with the district court that Benjamin did not carry his heavy burden of proof to demonstrate a material change in circumstances such that the physical care arrangement should be modified and that he could provide superior care. We therefore affirm the order of the district court.

**AFFIRMED.**